UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 14-CR-0345(1) (PJS/JSM) |
| | Case No. 18-CV-3416 (PJS) |
| Plaintiff, | |
| v. | ORDER |
| VINH XUAN NGO, | |
| Defendant. | |

Defendant Vinh Xuan Ngo was convicted of bank fraud and aggravated identity theft and sentenced to 114 months in prison. ECF Nos. 90, 111. The Eighth Circuit dismissed his direct appeal on June 6, 2017. ECF No. 106. On July 20, 2017, the Court entered an amended judgment to reflect that Ngo's restitution obligation is joint and several with that of his codefendant. ECF Nos. 108, 111.

Ngo recently filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. ECF No. 113. On December 18, 2018, the Court issued an order requiring Ngo to submit a memorandum no later than February 1, 2019, showing cause why his § 2255 motion should not be denied as untimely. ECF No. 115. The Court warned Ngo that, if he failed to submit a memorandum by the deadline—or if his memorandum failed to establish that his § 2255 motion was timely—the Court would deny his motion as untimely without further notice. ECF No. 115 ¶ 2. Ngo responded by filing a motion to extend the February 1 deadline. ECF No. 116. The Court extended the deadline to

February 22, although it noted that it did not believe that Ngo had justified any such extension. ECF No. 117.

Ngo has now filed a memorandum with an attached exhibit in which he states that he was transferred during the applicable limitations period and, as a result, his psychiatric medications were interrupted, causing a temporary loss in competency. ECF No. 118. He concludes the memorandum with a request for a 90-day extension. *Id.* Attached to the memorandum is a document entitled "Individualized Reentry Plan–Program Review," which appears to have been generated by the Bureau of Prisons. The document lists various classes that Ngo has taken as well as his financial obligations. It does not expressly list any custody transfers, but—if the Court is interpreting the document correctly—it appears to indicate that, at some point between January 10, 2018 and February 8, 2018, Ngo was transferred to FCI-Victorville, where he is currently incarcerated. ECF No. 118-1.

It is not entirely clear whether Ngo's memorandum and exhibit constitute his response to the Court's order to show cause or whether, instead, Ngo is asking for another extension to the deadline for responding to the Court's order. In either case, Ngo's filings fail to establish that he is entitled to any relief.

Under 28 U.S.C. § 2255(f), with certain exceptions, the one-year statute of limitations for § 2255 motions begins running on the date on which the judgment of

conviction becomes final. As Ngo did not petition for certiorari, his conviction became final on or about September 4, 2017. *See Clay v. United States*, 537 U.S. 522, 525 (2003) (conviction becomes final upon the expiration of the 90-day period for filing a petition for certiorari if no such petition is filed). Alternatively, if the finality of his conviction must be measured from the entry of the amended judgment on July 20, 2017, his conviction became final on or about August 3, 2017. *See Anjulo-Lopez v. United States*, 541 F.3d 814, 816 n.2 (8th Cir. 2008) (conviction becomes final upon the expiration of the time to appeal if no appeal is filed). Ngo mailed his § 2255 motion no earlier than October 18, 2018, making it untimely under § 2255(f).

This limitations period may be equitably tolled in appropriate circumstances. *English v. United States*, 840 F.3d 957, 958 (8th Cir. 2016). "To receive the benefit of equitable tolling, a litigant must demonstrate both that some extraordinary circumstance prevented him from filing a timely motion and that he diligently pursued his rights before filing." *United States v. Mendez*, 860 F.3d 1147, 1151 (8th Cir. 2017).

Ngo has demonstrated neither. Although he refers to a period of incapacity during the limitations period, he does not state when it occurred nor how long it lasted. At best, the exhibit he filed indicates that he may have been incapacitated in January and February of 2018. But the limitations period ran until August or September of 2018, giving him ample time to file a § 2255 motion. Ngo does not state what steps he took to

pursue his rights nor explain why he was unable to file a § 2255 motion during that time. The two claims in his § 2255 motion are straightforward and Ngo would have been aware of them at the time that this Court's judgment was entered. The Court therefore finds that equitable tolling does not apply and denies Ngo's § 2255 motion as untimely.

Alternatively, if Ngo is merely seeking an extension of time in which to respond to the Court's order to show cause, that request is also denied. The Court has already given Ngo over two months to respond to its order. Ngo does not point to anything that prevented him from submitting a timely response; any incapacity during the running of the one-year limitations period for his § 2255 motion would not affect his ability to respond to the Court's order, which was entered well after the one-year period expired.[1] To the extent Ngo is seeking an extension, therefore, his request is denied and the Court further denies his § 2255 motion as untimely in accordance with ¶ 2 of its order to show cause. *See* ECF No. 115.

---

[1] In his first motion for an extension, Ngo alluded to his "limited functionality in English without an interpreter." ECF No. 116. The Court notes that Ngo came to the United States at age 5, attended English-speaking schools from kindergarten through ninth grade, and appeared to have no trouble understanding and participating in court proceedings without the aid of an interpreter. *See* ECF No. 101 at 5-6. The Court also notes that Ngo is in prison because, over a period of about three years, Ngo and his accomplices committed literally hundreds of acts of fraud, cheating dozens of victims out of well over $1 million. During his long criminal career, Ngo does not appear to have had any difficulty communicating in English to and about his victims.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein,

IT IS HEREBY ORDERED THAT:

1. Defendant Vinh Xuan Ngo's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 [ECF No. 113] is DENIED.

2. No certificate of appealability will issue.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: February 27, 2019            s/Patrick J. Schiltz
                                    Patrick J. Schiltz
                                    United States District Judge