UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

UNITED STATES OF AMERICA,                     Case No. 14-CR-0345(1) (PJS/JSM)

                    Plaintiff,

v.                                                                    ORDER

VINH XUAN NGO,

                    Defendant.

---

Defendant Vinh Xuan Ngo is serving a 114-month sentence after pleading guilty to bank fraud and aggravated identity theft.  This matter is before the Court on Ngo's motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i).  For the reasons that follow, the motion is denied.

Under § 3582(c)(1)(A)(i), a court may reduce a defendant's term of imprisonment if, "after considering the factors set forth in section 3553(a) to the extent that they are applicable," it finds that "extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]"  The Sentencing Commission has issued U.S.S.G. § 1B1.13, a policy statement that governs motions under § 3582(c)(1)(A).  Unfortunately, however, § 1B1.13 was issued when the Bureau of Prisons ("BOP") had the sole authority to bring motions for release under § 3582(c)(1)(A).  Section 1B1.13 has

not been updated to reflect that, as a result of the 2018 First Step Act, defendants now have the ability to bring such motions directly.

This anomaly has given rise to a debate concerning whether and to what extent § 1B1.13 applies to motions filed by defendants, with several circuits recently holding that § 1B1.13 applies only to motions filed by the BOP, and not to motions filed by defendants on their own behalf. *See United States v. McCoy*, 981 F.3d 271, 280–84 (4th Cir. 2020); *United States v. Jones*, 980 F.3d 1098, 1108–11 (6th Cir. 2020); *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020); *United States v. Brooker*, 976 F.3d 228, 234 (2d Cir. 2020). The Eighth Circuit has not yet addressed this issue. In the absence of clarification from the Eighth Circuit, the Court will treat § 1B1.13 as providing useful guidance about how the Court should exercise its discretion under § 3582(c)(1)(A), but the Court will not treat its provisions as binding.

Ngo seeks release on the ground that, due to his various medical conditions, he is at particular risk from the COVID-19 pandemic. Ngo has several serious mental-health diagnoses and claims that he also suffers from "severe asthma, pre-diabetes, and sleep apnea." ECF No. 121 at 11. Of these conditions, only moderate-to-severe asthma has been identified by the Centers for Disease Control and Prevention as a condition that might place a person at increased risk for severe illness from the virus that causes

COVID-19.[1]  Further, there is no evidence in the record that Ngo has been diagnosed

with asthma, pre-diabetes, or sleep apnea.  The presentence report ("PSR") does not

mention these conditions; to the contrary, the PSR reports that Ngo "is apparently in

good health at the present time."  PSR ¶ 92.  Similarly, BOP records indicate that Ngo is

categorized as "medical care level 1, healthy or simple chronic care."  ECF No. 121-1

at 3.

The Court acknowledges that the facility at which Ngo is incarcerated is

experiencing a substantial COVID-19 outbreak, with 52 inmates and 35 staff members

currently infected.[2]  Those numbers are troubling, but, again, Ngo does not appear to

suffer from any conditions that put him at heightened risk from the outbreak.  Ngo's

general concern about the outbreak at his facility, though understandable, "applies to

literally every person who is now incarcerated" at the facility and provides no basis for

his release.  *United States v. Doss*, No. 15-CR-0106(4) (PJS/SER), 2020 WL 6503404, at *1

(D. Minn. Nov. 5, 2020); *see also United States v. Wright*, No. 17-CR-0301 (WMW/DTS),

2020 WL 7334412, at *5 (D. Minn. Dec. 14, 2020) ("'The mere presence of COVID-19 in a

---

[1]Ctrs. for Disease Control and Prevention, *People with Certain Medical Conditions* (Dec. 29, 2020) https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html.

[2]Federal Bureau of Prisons, *COVID-19 Coronavirus*, https://www.bop.gov/coronavirus/index.jsp (last visited Jan. 15, 2021).

particular prison cannot justify compassionate release—if it could, every inmate in that prison could obtain release.'" (citation omitted)).  In addition, other courts have recently denied motions for compassionate release based on outbreaks at facilities when—as is the case here—the defendant's health concerns were being properly managed. *See United States v. Pfeiffer*, No. 07-CR-0244 (DWF), 2020 WL 7425267 (D. Minn. Dec. 18, 2020) (denying motion for release despite 229 active COVID-19 cases because the defendant's health issues were fully managed); *United States v. Chavez-Cruz*, No. 4:14-CR-40021-01-KES, 2020 WL 7390493, at *4 (D.S.D. Dec. 16, 2020) (denying motion for release despite 239 cases because the defendant's health conditions "are appropriately managed at FCI Sandstone, [and] the facility is engaged in strenuous efforts to protect inmates against the spread of COVID-19").

Even if Ngo had established an extraordinary and compelling reason justifying his release—and, again, he has not—the Court would nonetheless deny his motion because the § 3553(a) factors weigh strongly against granting his motion.  Ngo committed a very serious crime.  In a complex scheme executed over a nearly three-year period, Ngo defrauded 68 victims and stole more than $1 million.  PSR ¶¶ 13, 15.  Ngo also has a long and serious criminal history.  Ngo had a remarkable 36 criminal-history points at the time of sentencing, with numerous prior convictions for crimes including burglary, forgery, identity theft, and passing counterfeit checks.  *See* PSR ¶¶ 43–59.  The

Court nonetheless imposed a below-guidelines sentence on account of the extreme trauma that Ngo has experienced, and in light of his serious struggles with his mental health.  The Court finds that a further reduction in Ngo's sentence would not provide adequate protection to the public nor accomplish the other goals of § 3553(a).

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT defendant Vinh Xuan Ngo's motion for compassionate release from custody [ECF No. 121] is DENIED.

Dated:  January 15, 2021

 s/Patrick J. Schiltz
Patrick J. Schiltz
United States District Judge